IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 13, 2011

## MICHAEL MORRIS v. TRUDY BLOODWORTH

**Appeal from the Circuit Court for Davidson County**
**No. 07C2265      Amanda Jane McClendon, Judge**

---

**No. M2010-01963-COA-R3-CV - Filed July 21, 2011**

---

Inmate filed a legal malpractice action against the attorney who represented him in the direct appeal of his criminal conviction for aggravated robbery. Three years later, the trial court dismissed the inmate's lawsuit for failure to prosecute. We affirm the result reached by the trial court because the denial of the inmate's petition for post-conviction relief precludes his claim for legal malpractice.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which PATRICIA J. COTTRELL, P.J., M.S., and RICHARD H. DINKINS, J., joined.

Michael Morris, Nashville, Tennessee, Pro Se.

Mark C. Scruggs, Nashville, Tennessee, for the appellee, Trudy Bloodworth.

### OPINION

Michael Morris was convicted of aggravated robbery in 2006 and sentenced to 30 years in prison. A public defender represented Mr. Morris at the trial level. Another attorney, Trudy Bloodworth, was appointed to represent Mr. Morris in his direct appeal of the conviction. The conviction was upheld on appeal. *See State v. Morris*, No. M2006-02738-CCA-R3-CD, 2008 WL 544567 (Tenn. Crim. App. Feb. 25, 2008).

On August 9, 2007, Mr. Morris filed a pro se complaint for legal malpractice against his public defender and Ms. Bloodworth. The case against the public defender was dismissed in October 2007 and is not at issue in this appeal. Ms. Bloodworth answered the complaint on January 14, 2008, denying the allegations of negligence. Mr. Morris filed a response to Ms. Bloodworth's answer on January 25, 2008.

Mr. Morris subsequently sent the following correspondence to the circuit court clerk:

- March 19, 2008: letter in which he "moves your office to bring me up to speed pertaining to the disposition of my civil lawsuit"

- May 14, 2008: letter in which he "moves this Honorable Court . . . grant permission to supplement the original pleadings in this case." Mr. Morris then set out additional allegations of negligence. At the end of his letter, he "demands a jury trial or in the alternative Summary Judgment" in his favor.

- November 18, 2008: "Motion Request for Status of Complaint" in which Mr. Morris requested a report on the status of his case, an order for a trial by jury, or an order of summary judgment

- April 8, 2009: a letter asking for the status of his case

- March 10, 2010: a letter asking for the status of his case

On March 11, 2010, the circuit court clerk wrote a letter to Mr. Morris in which he offered to provide Mr. Morris with a list of pleadings and action taken. The clerk went on to state that "we cannot offer any legal advice as to how you should proceed and would suggest you seek the assistance of an attorney." Mr. Morris immediately sent back a self-addressed stamped envelope for a copy of the case status.

On September 8, 2010, the circuit court entered an order of dismissal for failure to prosecute pursuant to Local Rule § 18.01-.02. The case was dismissed without prejudice with costs taxed to Mr. Morris. Mr. Morris appeals the dismissal.

ANALYSIS

We need not consider whether the trial court properly exercised its discretion to dismiss Mr. Morris's suit for failure to prosecute because we have concluded that his suit was properly subject to dismissal on legal grounds: Mr. Morris was not entitled to maintain an action for legal malpractice against his attorney because he failed to obtain post-conviction relief.

On May 13, 2010, after an evidentiary hearing, the Davidson County Criminal Court denied Mr. Morris's petition for post-conviction relief. *Morris v. State*, No. 2005-B-875 (May 13, 2010 Davidson County Criminal Court). In *Gibson v. Trant*, 58 S.W.3d 103 (Tenn. 2001), the Tennessee Supreme Court held that "a criminal defendant must obtain post-

conviction relief in order to maintain a legal malpractice claim against his defense lawyer." *Id.* at 116. Therefore, Mr. Morris's petition was subject to dismissal for failure to obtain post-conviction relief.

CONCLUSION

We affirm the decision of the trial court. Costs of the appeal are assessed against Mr. Morris.

_____
ANDY D. BENNETT, JUDGE